Mr. Justice Pit ay
delivered the opinion of the court.
This is an appeal from the circuit court of the comity of Wilkinson.
*681 The essential question to be considered in this case, is whether, after one judgment of respondeat ouster upon sustaining a demurrer to a plea in bar, a like judgment can properly be rendered on sustaining a demurrer to a second plea in bar, filed in pursuance of the first judgment?
We do not deem the fact of amendment material in this case, because it was made by consent unaccompanied with conditions, and did not relieve the party from the effect of the judgment; and we put aside the question of what would or would not constitute an issuable plea, according to the practice of the English courts, not believing it involved in this question.
The construction of our own statute is brought under adjudication, and we must look to that for the intention of the legislature.
This statute is imperative, that, upon sustaining a demurrer to a plea in bar, the judgment of the court shall be respondeat ouster; but in such’case the defendant shall be compelled to plead to the merits of the action; and he shall not thereby be delayed of his trial. Rev. Code, p. 120.
The provisions of the latter clause of the section were intended, it. is believed, to govern the future pleadings of the defendant; and, under the judgment of respondeat ouster, if he have any defence, he must plead it, at his peril, to the merits of the plaintiff’s action; for whatever he may plead in pursuance of this judgment, the court will regard it as containing his entire defence, and if that fail him he can have nothing further to answer.
This is deemed to be the sound construction of the statute, for to answer the merits of an action is to present whatever may be urged against a recovery; any other construction would lead to infinity of pleading, and a consequent interminable delay of justice.
We will apply this exposition of the statute to the present case. Under the first judgment of respondeat ouster the defendant filed his second and third pleas, which must be regarded as containing his entire defence to the merits of the plaintiff' ’s action.
The second plea averred a failure of consideration. The third averred that the bill single was delivered as an escrow.
To these two pleas, there was a demurrer for causes assigned, *682 which was sustained in the court below, and we think correctly. Here, then, the entire defence to the merits of the plaintiff’s action has been determined by the court to be insufficient in law to prevent a recovery.
What then should be the judgment? Surely not respondeat ouster; for the court is already informed by the pleadings that the defendant has nothing further to answer to the action. The judgment then must be quod recuperet, for no other, consistent with the law and the facts, can be rendered.
The judgment, therefore, of the court below, on sustaining the demurrer to the second and third pleas of the defendant, must be •reversed, the pleadings subsequent to the joinder in demurrer to those pleas with the judgment and proceedings thereon must be stricken out, and judgment of quod recuperet entered for the plaintiff.